## STATE v. CRAWFORD.

CAR BREAKING—STATUTORY OFFENCE—SURPLUSAGE.—Under a statute which made it a criminal offence to break into any car in the night time with intent to commit the crime of larceny, the indictment charged the defendant in the words of the statute, and then added that defendant stole bacon out of this car, the property of F. *Held*, that the indictment charged only the offence of car breaking, and the added words did not charge the separate crime of larceny, and might be treated as surplusage; there was no error, therefore, in refusing to require these added words to be stricken from the indictment.

Before KERSHAW, J., Anderson, October, 1891.

Indictment against James W. Crawford. The opinion states the case.

*Mr. E. B. Murray,* for appellant.

*Mr. Ansel,* solicitor, contra.

February 23, 1893.  The opinion of the court was delivered by

MR. JUSTICE McGOWAN.  The defendant was tried and convicted at the October term of the Court of General Sessions for Anderson County, upon the following indictment:

"The State of South Carolina, County of Anderson.  At a court, &c., on the fourth Monday in June, in the year of our Lord one thousand eight hundred and ninety-one.  The jurors * * * upon their oaths present, that James W. Crawford, on the twenty-third day of January, in the year of our Lord one thousand eight hundred and ninety, with force and arms, at Anderson Court House, in the county of Anderson, and State aforesaid, in the night time did break and enter a freight car in the possession of the Richmond and Danville Railroad Company, common carriers of freight and passengers, a corporation duly chartered under and by the laws of the State of Virginia, with intent to commit larceny; and three hundred and thirty pounds of bacon in the possession of the said Richmond and Danville Railroad Company in said car, and of the value of twenty-five dollars, of the proper goods and chattels of A. H. Ford, then and there being found, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the same State," &c.

When the testimony closed, Mr. Murray made the point that the solicitor should elect which count of the indictment he tries on.  Judge Kershaw said: "If the indictment is for two separate and distinct offences, Mr. Murray is right; but if it takes both circumstances to make up one complete crime, then he is not right.  Under that section (1522, General Statutes), the prisoner is indicted for breaking and entering in the night time a railroad car with intent to steal, for the purpose of committing the crime of larceny.  There is no separate charge of larceny, without a separate count, so that he will be treated simply as breaking and entering a railroad car in the night time, with intent to steal.  That is the case on trial."

Upon the charge of the judge, the jury found the defendant "guilty," and he was sentenced to two years in the penitentiary at hard labor, for violating the statutory offence.    From this judgment the defendant appeals to this court upon the following exceptions: "I. Because his honor erred in not requiring the solicitor to either strike the charge of grand larceny from his indictment, or to endorse on the record that the defendant was only tried upon the charge of car breaking.    II. Because his honor erred in refusing a motion for a new trial on the record, when the defendant by the verdict of the jury stood convicted of grand larceny, a charge for which he was not tried, and was so convicted without the formality of an arraignment before trial," &c.

The defendant was tried, convicted, and sentenced for a statutory offence only, viz: "breaking into a railroad car in the night time, with the intent to commit a crime of larceny," created by section 1522 of the General Statutes.

It is said to be the better practice to charge a statutory crime in the very words of the statute creating it; but that is not absolutely necessary, for any clear and full description of the offence will suffice, if it omits nothing essential.    We suppose it would have been enough if the solicitor had charged the offence in the very words of the act—that the defendant broke and entered the car, "with intent to commit the crime of larceny;" but he went further, and charged that he not only entered with "the intent," but actually committed the crime of larceny.    That, however, in the connection in which it was used, was merely surplusage, and might have been stricken out as such.    We do not think that there were two distinct offences charged in two separate counts.    We can not hold, that the excess of statement made a new count, charging a distinct offence, or that it should be held fatal to the indictment.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.